UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REINA C. MONTES, | No. 2:16-cv-01405-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES, LLC; and DOES 1-10, inclusive,[1] | |
| Defendant. | |

This mortgage dispute comes before the court on defendants' motion to dismiss. ECF No. 5. Plaintiff Reina C. Montes opposes, and defendants replied. ECF Nos. 9, 10. The

---

[1] The Ninth Circuit provides "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Plaintiff is cautioned that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie,* 629 F.2d at 642). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within 90 days of filing of the complaint unless plaintiff shows good cause. *See Glass v. Fields*, No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

1

court held a motion hearing on September 9, 2016, at which Russell Wyatt appeared for plaintiff and Dean Reeves appeared for defendants. ECF No. 14. For the following reasons, defendants' motion to dismiss is GRANTED.

I. JUDICIAL NOTICE

"The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the territorial jurisdiction, or (2) can be accurately and readily determined by trial courts from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court shall take judicial notice if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(c)(2). Judicially noticed facts often consist of matters of public record. *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

Defendants request the court take judicial notice of seven exhibits:

(1) Exhibit A, including documents regarding the succession of World Savings Bank by Wells Fargo;

(2) Exhibit B, a Deed of Trust, dated November 4, 2004 for Montes's property;

(3) Exhibit C, a loan modification agreement dated October 16, 2007;

(4) Exhibit D, a loan modification agreement dated June 3, 2009;

(5) Exhibit E, a loan modification agreement dated September 1, 2013;

(6) Exhibit F, denial letters dated October 29, 2015 regarding Montes's application for a loan modification; and

(7) Exhibit G, a denial letter dated May 26, 2016 regarding Montes's application for a loan modification.

Exs. A–G, Defs.' Mot., ECF No. 5. Montes does not object to defendants' request.

With respect to Exhibit A, judicial notice is appropriate because "those documents reflect the official acts of the executive branch of the United States." *Preciado v. Wells Fargo Home Mortgage*, No. 13-00382, 2013 WL 1899929, at *3 (N.D. Cal. May 7, 2013). Additionally, judicial notice is appropriate when "it is information obtained from a governmental website." *Id.*; *see Paralyzed Veterans of Am. v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal.

1  Sept. 9, 2008) (taking judicial notice of information appearing on and printed from official
2  government websites).
3        With respect to Exhibit B, judicial notice is appropriate because the document is a
4  matter of public record. *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2011), *overruled on*
5  *other grounds, Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).
6        With respect to Exhibits C through G, judicial notice is appropriate because these
7  comprise copies of documents referred to in the complaint or which form the basis of Montes's
8  claims, and their authenticity is not reasonably in question. A court may consider evidence on
9  which the complaint "necessarily relies" if (1) the complaint refers to the document; (2) the
10 document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy
11 attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Branch v.*
12 *Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (documents not attached to the complaint may be
13 incorporated by reference if plaintiff referred to document in the complaint or if document forms
14 basis of plaintiff's claims).

15 II.    BACKGROUND

16       Montes's claims arise from the following allegations, and from documents
17 attached to the complaint and incorporated by reference. *See* Fed. R. Civ. P. 10(c); *Davis v.*
18 *HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) ("Our relevant case law has
19 recognized consistently that the district court may . . . incorporate documents by reference.").
20 On November 4, 2004, Montes took out a loan from Wells Fargo's predecessor, World Savings
21 Bank, to purchase a home in Sacramento, California. Compl. ¶ 7, ECF No. 1. Approximately
22 two years later, Wachovia acquired World Savings Bank, and on January 1, 2009, Wells Fargo
23 acquired Wachovia. *Id.* ¶ 8.
24       In December 2015, Montes contacted Wells Fargo to seek foreclosure avoidance
25 assistance. *Id.* ¶ 15. On December 19, 2015, Wells Fargo responded with a letter that included
26 an invitation to submit an application for a loan modification, as well as an enumerated list of the
27 documents Montes would need to send Wells Fargo for Wells Fargo to determine whether
28 Montes would qualify for a loan modification. *Id.* The letter provided Montes with a deadline of

3

1  January 18, 2016 to submit her application to Wells Fargo. *Id.* ¶ 16.  Meanwhile, on January 8,
2  2016, Wells Fargo and co-defendant NBS Default Services recorded a Notice of Default against
3  Montes's interest in her home, without Montes's advance notice, which formally commenced
4  foreclosure proceedings. *Id.* ¶ 18.

5  Montes alleges that after receiving the December 19 letter, she began submitting
6  each of the enumerated documents to Wells Fargo, but Wells Fargo repeatedly responded that she
7  was missing documents and requested that she submit additional documents. *Id.* ¶¶ 19–20.  On
8  April 11, 2016, Montes submitted a new application at Wells Fargo's request. *Id.* ¶ 20.  On the
9  same day, Wells Fargo and NBS Default Services recorded a Notice of Trustee's Sale against
10 Montes's interest in her home, without Montes's advance notice, and set a trustee's sale date for
11 May 2, 2016. *Id.* ¶ 21.  On April 20, 2016, Wells Fargo requested that Montes provide additional
12 documents. *Id.* ¶ 22.  On April 28, 2016, Wells Fargo sent Montes a letter memorializing receipt
13 of her documents and stating that Wells Fargo would respond by May 12, 2016. *Id.* ¶ 27.  On
14 May 3, 2016, Wells Fargo sent Montes a separate letter stating Wells Fargo had postponed the
15 May 2, 2016 foreclosure sale of her home to June 10, 2016 in order to review her request for a
16 loan modification. *Id.* ¶ 28.

17 On May 11, 2016, Wells Fargo faxed Montes a letter informing her that her
18 application was complete except for a signed copy of Montes's 2015 federal tax returns. *Id.* ¶ 29.
19 On May 20, 2016, Montes submitted a copy of her 2015 federal tax returns to Wells Fargo as
20 requested. *Id.* ¶ 31.  On the same day, Montes filed a complaint against defendants in the
21 Superior Court of California, County of Sacramento, in which she asserted the following claims:
22 (1) negligence; (2) violation of California Civil Code section 2923.6; (3) violation of California
23 Civil Code section 2923.7; and (4) violation of California Civil Code section 2924.10. *See*
24 *generally* Compl.  Montes's last three claims are based on California's Homeowner Bill of Rights
25 (HBOR), a statute that provides borrowers with a private right of action to challenge certain
26 material violations of HBOR. *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 993 n.2
27 (N.D. Cal. 2014).  On May 26, 2016, Wells Fargo denied Montes's completed application. Ex. G,
28 Defs.' Mot.

On June 22, 2016, Wells Fargo removed the case to this court.  Compl.  On June 28, 2016, Wells Fargo filed a motion to dismiss Montes's complaint.  Defs.' Mot.  On July 26, 2016, defendant NBS Default Services filed a notice of joinder in Wells Fargo's motion to dismiss.  Joinder, ECF No. 7.  On August 17, 2016, Montes filed her opposition to defendants' motion.  Pl.'s Opp'n, ECF No. 9.  On August 26, 2016, Wells Fargo replied to Montes's opposition.  Defs.' Reply, ECF No. 10.  As of the motion hearing held on September 2, 2016, Montes's home had not been sold and nothing on the court's docket reflects a change in these circumstances.  *See* Hr'g Mins., ECF No. 14.

## III. LEGAL STANDARDS

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes these factual allegations are true and draws reasonable inferences from them.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of a cause's elements do not alone suffice.  *Id.* (quoting *Twombly*, 550 U.S. at 555).  Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

In ruling on a motion to dismiss, the court is not limited by the plaintiff's allegations if the complaint, as here, is accompanied by attached documents.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Such documents become a part of the complaint and may be considered in resolving the defendant's motion to dismiss.  *Id.*

5

IV.     DISCUSSION

     A.     Federal Preemption

Defendants contend all four of Montes's claims are preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 et seq., because the loan originated with World Savings Bank, a federal savings association ("FSA") chartered under HOLA and Wells Fargo's predecessor. Defs.' Mot. 9:24–10:5. By contrast, Montes contends her claims target Wells Fargo's current conduct and not that of its predecessor; therefore, because Wells Fargo is a national bank, the National Bank Act ("NBA") and not HOLA controls the preemption analysis. Pl.'s Opp'n 10:25–11:13.

There are at least two ways state laws that intrude on an area of exclusive federal power can be preempted: conflict preemption and field preemption. *Whistler Invs., Inc. v. Depository Tr. & Clearing Corp.*, 539 F.3d 1159, 1164 (9th Cir. 2008). Under conflict preemption, Congress's intent to preempt state law is implied to the extent federal law actually conflicts with any state law. *Id.* (citing *Hillsborough Cty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985)). Conflict preemption analysis examines the federal statute as a whole to determine whether a party's compliance with both federal and state requirements is impossible or whether, in light of the federal statute's purpose and intended effects, state law poses an obstacle to the accomplishment of Congress's objectives. *Id.* The NBA implicates conflict preemption. *See Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 11 (2007) ("Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or the general purposes of the NBA.").

Under field preemption, by contrast, preemption is implied when Congress "so thoroughly occupies a legislative field" that it effectively leaves no room for states to regulate conduct in that field. *Whistler Investments, Inc.*, 539 F.3d at 1164 (citing *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992)). HOLA implicates field preemption. *See* 12 C.F.R. § 560.2(a) (stating that the Office of Thrift Supervision "occupies the entire field of lending regulation for federal savings associations").

6

1   While the Ninth Circuit has found HOLA preemption applies when a loan
2 originates with an FSA, *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008), it
3 has not addressed whether a national bank can enjoy HOLA protections for conduct related to a
4 loan that originated with an FSA predecessor of the bank.  This court recently analyzed this issue
5 in *Narvasa v. U.S. Bancorp*, No. 15-02369, 2016 WL 4041317, at *2–4 (E.D. Cal. July 28, 2016).
6 For the reasons articulated in *Narvasa*, this court remains persuaded that HOLA preemption
7 should apply only to conduct arising before an FSA merges with a national bank, and not to a
8 national bank's post-merger or successive conduct.  In this case, the conduct at issue occurred
9 post-merger when Wells Fargo considered Montes's loan modification application in 2015 and
10 2016.  *See generally* Compl.  Therefore, the court rejects defendants' argument that HOLA's field
11 preemption applies to this case.  Because defendants do not argue the NBA preempts Montes's
12 claims, the court does not consider whether her claims would be preempted by the NBA.  *See*
13 *generally* Defs.' Mot. & Defs.' Reply (arguing only that HOLA preempts Montes's claims).
14 Accordingly, defendants' motion to dismiss based on a federal preemption theory is DENIED.

15   B.   HBOR Claims

16   Defendants also argue Montes has not pled violations of California's Homeowner
17 Bill of Rights, the HBOR.  Montes seeks both injunctive relief and damages for defendants'
18 alleged HBOR violations, and for the reasons explained below, she has not stated a claim that
19 entitles her to either.

20   1.   Injunctive Relief

21   Montes seeks injunctive relief against defendants for violations of HBOR.  Compl.
22 at 10:1–5.  California Civil Code section 2924.12, which sets forth the remedies available for a
23 violation of the HBOR, permits a borrower to "bring an action for injunctive relief to enjoin a
24 material violation," and "any trustee's sale shall be enjoined until the court determines that the
25 mortgage servicer . . . has corrected and remedied the violation."  Cal. Civ. Code § 2924.12(a)(1),
26 (2).  Thus, Montes may only obtain injunctive relief if (1) Wells Fargo violated the statute; (2)
27 that violation was material; and (3) the violation has not been corrected.  *Id.* § 2924.12(a)(1)
28 (permitting a borrower to bring an action to enjoin only "material violation[s]"); *id.*

7

1  § 2924.12(a)(2) (injunctions remain in place "until the court determines that the mortgage

2  servicer . . . has corrected and remedied the violation").  A violation is material when it

3  "deprive[s]" the plaintiff "of the opportunity to obtain a loan modification."  *Boone v. Specialized*

4  *Loan Servicing LLC*, No. 15–02224, 2015 WL 4572429, at *4 (N.D. Cal. July 29, 2015); *accord*

5  Cal. Civ. Code § 2923.4(a) ("The purpose of the act that added this section is to ensure that . . .

6  borrowers are considered for, and have a meaningful opportunity to obtain, available loss

7  mitigation options.").  However, HBOR only guarantees the opportunity; it does not guarantee the

8  borrower will, in fact, receive a loan modification.  Cal. Civ. Code § 2923.4(a) ("Nothing in the

9  act that added this section . . . shall be interpreted to require a particular result."); *accord*

10 *Lawrence v. Wells Fargo Bank, N.A.*, No. 14-1272, 2014 WL 2705425, at *9 (N.D. Cal. June 13,

11 2014) (the lender is not obligated to modify a loan absent an agreement to do so).

12             In this case, Montes was well aware of her loan modification options, having been

13 granted three loan modifications in the past, the most recent with Wells Fargo.  *See* Exs. C–E,

14 Defs.' Mot.  Montes's complaint shows she pursued her application with Wells Fargo, *see* Compl.

15 ¶ 15, Wells Fargo responded to her inquiries, *see id.* ¶¶ 20, 22, 25, 27, 28, 29, she submitted the

16 additional documents Wells Fargo requested, *see id.* ¶¶ 21, 23, 26, 31, and she completed her

17 application, *see id.* ¶¶ 29, 32.  Montes now prays for relief requiring Wells Fargo to review her

18 completed application.  *Cf. id.* ¶ 32.  However, Wells Fargo has already reviewed Montes's

19 completed application, and it did so after the alleged HBOR violations.  *See* Ex. G, Defs.' Mot.

20 Any alleged HBOR violations therefore are not material because they did not deprive Montes of

21 the opportunity to obtain review of her application and potential loss mitigation.  *See Tuan Anh*

22 *Le v. Bank of N.Y. Mellon*, No. 14–01949, 2015 WL 9319487, at *11 (N.D. Cal. Dec. 23, 2015)

23 (even if mortgage servicer had violated HBOR, plaintiff not entitled to injunctive relief because

24 "the subsequent review of plaintiff's loan modification application afforded him the injunctive

25 relief otherwise available for a material violation of HBOR.").  Because Wells Fargo's alleged

26 HBOR violations are immaterial, Montes has not stated a claim for injunctive relief for violations

27 of HBOR.

28             In addition to being immaterial, any claims for violations of HBOR are moot.

8

Montes seeks "an order for injunctive relief" because, "[d]espite having received an admittedly 'complete' application for a loan modification from [Montes], defendants [ ] have refused to postpone their scheduled June 10, 2016 trustee's sale of [Montes]'s home[.]" Compl. ¶ 32. In other words, Montes requests injunctive relief so that Wells Fargo may review Montes's complete loan modification application before selling her home. However, as discussed, Wells Fargo has in fact reviewed Montes's complete loan modification application. Ex. G, Defs.' Mot.

### 2. Damages

Montes seeks "statutory damages . . . resulting from defendants' violations of . . . [HBOR.]" Compl. Prayer for Relief ¶ 7. However, under California's HBOR, whether this court may award Montes an injunction or damages depends on whether a sale of the property has occurred. "If a trustee's deed upon sale has not been recorded," then Montes may seek an injunction. Cal. Civ. Code § 2924.12(a)(1). "After a trustee's deed upon sale has been recorded," monetary relief is available. *Id.* § 2924.12(b). Therefore, prior to sale, damages are not available under the HBOR. *Id.* Because Montes's home has not been sold, damages are not currently available, and her request for damages "must be stricken" as to her HBOR claims. *Gonzales v. Citimortgage, Inc.*, No. 14-4059, 2015 WL 3505533, at *2 (N.D. Cal. June 3, 2015).

Even if Montes had sufficiently pled violations of HBOR, damages are only available "where the violation was not corrected and remedied prior to the recordation of the trustee's deed upon sale." Cal. Civ. Code § 2924.12(b). As previously discussed, Wells Fargo evaluated Montes's complete loan modification application after any alleged HBOR violations and prior to any sale of her home. Thus, Montes has not alleged facts sufficient to show defendants do not fall within the "safe harbor" of California Civil Code section 2924.12(c), which provides that Wells Fargo "shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale." *See also Gonzales*, 2015 WL 3505533, at *2 ("Here, . . . no trustee's deed upon sale was filed and that no foreclosure has taken place. Because a foreclosure sale has not taken place, and thus a trustee deed upon sale has not been recorded, Plaintiff has not stated a claim for damages."); *Vasquez v. Bank of Am., N.A.*, No. 13-02902, 2013 WL 6001924, at *7 (N.D. Cal. Nov. 12, 2013) ("Plaintiff's claims . . . for

9

1  actual damages, attorneys' fees, and treble damages are unavailable until such time as the deed
2  upon sale has been recorded."); *Ellis v. Bank of Am., N.A.*, No. 13–5257, 2013 WL 5935412, at *4
3  (C.D. Cal. Oct. 28, 2013) ("There is currently no foreclosure activity against the property and
4  plaintiff does not allege that a trustee's sale ever took place.  The Court accordingly concludes
5  that section 2924.12 shields defendants from any liability for their alleged violations of statutory
6  requirements, and that plaintiff's claim therefore fails.").
7         Accordingly, Montes's claims based on California Civil Code sections 2923.6,
8  2923.7 and 2924.10 are DISMISSED.
9      C.    <u>Negligence</u>
10         Defendants also move to dismiss Montes's negligence claim.  "The elements of a
11  cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty,
12  and (3) proximate cause between the breach and (4) the plaintiff's injury."  *Mendoza v. City of*
13  *L.A.*, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted).  Defendants contend Montes's claim
14  for negligence should be dismissed because Wells Fargo did not owe Montes a common law duty,
15  Defs.' Mot. 13:15–16, and Montes has not pled damages, *id.* at 15:13.  The court addresses each
16  of defendants' contentions in turn.
17         1.    <u>Duty of Care</u>
18         The defendant's duty of care is a prerequisite to any claim for negligence.  *Nymark*
19  *v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991).  Whether a duty of
20  care exists is a question of law.  *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*,
21  210 F.3d 983, 986 (9th Cir. 2000).
22         As a general rule, banks owe borrowers no duty of care unless the institution's
23  involvement "exceed[s] the scope of its conventional role as a mere lender of money."  *Nymark*,
24  231 Cal. App. 3d at 1096.  But "*Nymark* does not support the sweeping conclusion that a lender
25  never owes a duty of care to a borrower."  *Jolley v. Chase Home Fin.*, LLC, 213 Cal. App. 4th
26  872, 901 (2013) (internal quotation marks omitted).  Rather, the court weighs six factors to decide
27  /////
28  /////

whether a financial institution owes a borrower a duty of care:

> [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm.

*Nymark*, 231 Cal. App. 3d at 1098 (quoting *Connor v. Great W. Sav. & Loan Assn.*, 69 Cal. 2d 850, 865 (1968)).

California courts have not settled on a uniform application of these six factors in mortgage cases. This court relatively recently considered the issue in *Martinez v. Flagstar Bank, FSB*, No. 15–01934, 2016 WL 3906810, at *6–8 (E.D. Cal. July 19, 2016). For the reasons stated in *Martinez*, this court finds a lender "does owe a duty of care to a borrower not to make material misrepresentations about the status of an application for a loan modification" and a borrower would foreseeably be harmed "by an inaccurate or untimely communication . . . about the status of a loan modification application." *Martinez*, 2016 WL 3906810, at *8 (quoting *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 947 (2014)).

Having found that Wells Fargo had a duty to take due care while processing and considering Montes's application for a loan modification, the court next considers the damages component of Montes's negligence claim, as defendants do not challenge Montes's pleading of breach or causation.

    2. <u>Damages</u>

Damages are an essential element of any claim for common law negligence. *See, e.g.*, *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 597 (1970) ("No action will lie to recover damages if no damages have been sustained."). Here, Montes contends that (1) "[b]ecause of [Wells Fargo]'s negligent mishandling of [Montes]'s loss mitigation file, [Montes] has been deprived of a timely (and invited) opportunity to save her home through a loan modification," Compl. 20:13–15; and (2) she "had to invest her time and resources into retaining legal counsel and to make efforts towards preventing the wrongful, imminent and premature sale of her home," *id.* at 20:17–19.

1    Montes's first contention fails because, as with her HBOR claims, she does not explain how any of Wells Fargo's alleged actions deprived her of approval of her loan modification application. As previously noted, Montes claims she pursued her application with Wells Fargo, *see* Compl. ¶ 15, Wells Fargo responded to her inquiries, *see id.* ¶¶ 20, 22, 25, 27, 28, 29, she submitted the additional documents Wells Fargo requested, *see id.* ¶¶ 21, 23, 26, 31, and she completed her application, *see id.* ¶¶ 29, 32. Montes claims Wells Fargo "'dual tracked' [her] loss mitigation process," *id.* ¶ 47, and "strung [her] along [in that she had] to respond to repeated requests for 'additional' or 'missing' documents," *id.* ¶ 49. However, she ultimately completed her application, and Wells Fargo reviewed her completed application. *See* Ex. G, Defs.' Mot. Without any alleged harm, Montes's first claim fails to substantiate damages.

Montes's second contention also fails. Having to invest time and resources into retaining legal counsel does not satisfy the damages element of tort negligence. *See, e.g.*, *Bennett v. JPMorgan Chase*, 2013 WL 655059, at *7 (N.D. Tex. Feb.5, 2013) (allegation of being "forced to obtain counsel to prevent [] home from being taken illegally" insufficient to establish damages), *recommendation adopted*, 2013 WL 655054 (N.D. Tex. Feb. 22, 2013).

Because Montes has not alleged damages to substantiate a negligence claim, that claim too is DISMISSED.

V.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED for all claims. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give [a party leave to amend its pleading] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Because amendment has not been shown to be futile in this case, plaintiff is granted leave to amend her complaint within 14 days of the date this order is filed.

IT IS SO ORDERED.

DATED: March 22, 2017.

_____
UNITED STATES DISTRICT JUDGE